**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **MCKENNA PARKS**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:12-CV-2742-L** |
| | § | |
| **COMMERCIAL RECOVERY SYSTEMS, INC.**, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff's Motion for Default Judgment, filed April 11, 2013. After careful consideration of the motion, record, and applicable law, the court **grants** Plaintiff's Motion for Default Judgment.

**I.    Background**

McKenna Parks ("Plaintiff" or "Parks") filed Plaintiff's Original Complaint ("Complaint") on August 10, 2012, against Commercial Recovery Systems, Inc. ("Defendant" or "Commercial Recovery") for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, and the Texas Debt Collection Act, Tex. Fin. Code, §§ 17.01 *et seq*. Parks contends that Defendant: (1) placed telephone calls without meaningfully disclosing the caller's identity; (2) represented falsely the character, amount, or legal status of Plaintiff's alleged debt; (3) represented falsely the level of attorney involvement in the collection process; (4) threatened to take an action against Plaintiff that cannot be legally taken or was not actually intended to be taken; and (5) failed to notify Plaintiff during each collection contact that the communication was from a debt collector. These claims were asserted under the FDCPA. Parks also asserts three other

claims under the Texas Finance Code that essentially mirror several of the claims asserted under the FDCPA.

Commercial Recovery was served with the Summons and Complaint on October 2, 2012. Commercial Recovery had until October 23, 2012, to file an answer or otherwise defend. *See* Fed. R. Civ. P. 12. Defendant did not answer or otherwise defend. On February 6, 2013, Parks requested the clerk to enter a default against Defendant, and the clerk entered a default against Defendant on February 8, 2013.

## II.  Discussion

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law. Fed. R. Civ. P. 55(a). Under Rule 55(a), a default must be entered before the court may enter a default judgment. *Id.*; *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). The clerk of the court has entered a default against Commercial Recovery.

Commercial Recovery, by failing to answer or otherwise respond to Plaintiff's Complaint, has admitted the well-pleaded allegations of the Complaint and is precluded from contesting the established facts on appeal. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations omitted). Based on the well-pleaded allegations of Plaintiff's Complaint, which the court accepts as true, and the record in this action, the court determines that Commercial Recovery is in default and that Parks is entitled to a default judgment and appropriate damages.

Parks seek statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k(2)(A), and the court finds this amount to be appropriate. She also seeks attorney's fees in the amount of $3,208.50 and costs of court in the amount of $510. The court finds that the costs are reasonable and will allow recovery of the amount sought. With respect to attorney's fees, Plaintiff provides no time records

**Memorandum Opinion and Order – Page 2**

or itemization of the tasks performed by her attorney; and fails to include the number of hours expended by her attorney, his hourly rate, or the number of years he has been practicing, although an affidavit is provided. The affidavit states in conclusory fashion that the amount of attorney's fees sought was reasonable and necessary for the prosecution of this action. State Bar of Texas records indicate that Mr. Noah D. Radbil has been licensed since December 2009, which is almost four and one-half years. In reviewing the record and the docket sheet, and in light of the normal and customary rate for a four-five year attorney in the Dallas legal market, which is $225-275 per hour, the court determines that an award of attorney's fees of $3,208.50 is reasonable. Accordingly, the court will award Plaintiff a total amount of $4,718.50.

## III.   Conclusion

For the reasons set forth herein, the court **grants** Plaintiff's Motion for Default Judgment. Plaintiff will be awarded a total of $4,718.50. The court, as required by Federal Rule of Civil Procedure 58, will issue a judgment by separate document.

**It is so ordered** this 7th day of February, 2014.

*/s/ Sam A. Lindsay*
Sam A. Lindsay
United States District Judge